COPY

1  Tammy Hussin, Esq. (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9
10 Attorneys for Plaintiff,
   Karen Sammon
11

FILED
CLERK, U.S. DISTRICT COURT

OCT 30 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Karen Sammon,

    Plaintiff,

vs.

GC Services, L.P.; and DOES 1-10, inclusive,

    Defendants.

Case No.: CV13-8027 CBM (PLAx)

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**
**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ*.**

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Karen Sammon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Karen Sammon (hereafter "Plaintiff"), is an adult individual residing in Pomona, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff.  One or more of the

1  Collectors may be joined as parties once their identities are disclosed through
2  discovery.
3
4        7.    GC at all times acted by and through one or more of the Collectors.

<strong><u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u></strong>

**A.**    <strong><u>The Debt</u></strong>

      8.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to Sallie Mae (the "Creditor").

      9.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

      10.    The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

      11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**    <strong><u>GC Engages in Harassment and Abusive Tactics</u></strong>

      12.    In or around August 2013, GC began calling Plaintiff in an attempt to collect the Debt.

      13.    GC contacted Plaintiff at an excessive and harassing rate, placing approximately six calls per day, multiple days a week for successive weeks.

14. Additionally, GC called Plaintiff at her place of employment in an attempt to collect the Debt.

15. Plaintiff informed GC that calls to her place of employment were inconvenient and prohibited by the policy of her employer, and could potentially put Plaintiff's employment at risk.

16. Despite Plaintiff's request, GC thereafter continued calling Plaintiff at her workplace.

17. GC threatened to garnish Plaintiff's wages if the Debt was not immediately repaid. GC had no present legal ability to affect an immediate garnishment without first providing Plaintiff with the proper notices as required by law.

18. Furthermore, Plaintiff retained services of legal counsel and advised GC of legal representation. Plaintiff then once again directed GC to cease calling her.

19. In response, GC threatened to continue calling Plaintiff until the Debt was paid, and advised Plaintiff that she was required to send written notice of legal representation.

20. GC thereafter continued dialing Plaintiff's telephone number despite having been informed of Plaintiff's legal representation at an excessive and harassing rate as aforementioned.

# COUNT I
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. § 1692, *et seq.*

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

23.     The Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

24.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

27.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

28. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34. GC Services, L.P., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35. The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

36. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

37. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

38. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

39. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

43. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with repeated collection calls and calls to Plaintiff's place of business.

44. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

45. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

47. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: October 30, 2013 | TAMMY HUSSIN |
| 2 | | |
| 3 | | By:_____ |
| 4 | | Tammy Hussin, Esq. |
| 5 | | Lemberg & Associates, LLC |
| | | Attorney for Plaintiff, Karen Sammon |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __Consuelo B. Marshall__ and the assigned Magistrate Judge is __Paul L. Abrams__.

The case number on all documents filed with the Court should read as follows:

**2:13CV8027 CBM PLAx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 30, 2013                    By   J.Prado
Date                                     Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES